UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CLIFFORD L. JACKSON,<br><br>  Petitioner,<br><br>vs.<br><br>NEIL MCDOWELL,[1] Acting Warden,<br><br>  Respondent. | Case No: C 13-5407 SBA (PR)<br><br>**ORDER DENYING MOTION TO DISMISS, GRANTING MOTION TO STAY, AND ADMINISTRATIVELY CLOSING ACTION** |

## I. INTRODUCTION

Petitioner, a state prisoner, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 raising three claims. Before the Court are (1) Respondent's motion to dismiss the petition for failure to exhaust state court remedies (Dkt. 16) and (2) Petitioner's motion to stay his federal petition while he exhausts his remedies in state court (Dkt. 26). For the reasons set forth below, the Court GRANTS Petitioner's motion to stay and DENIES Respondent's motion to dismiss, without prejudice.

## II. DISCUSSION

Petitioner concedes that one of the claims in his petition is unexhausted, meaning that his petition is a mixed petition. Respondent thus argues that the action must be dismissed as a mixed petition under Rose v. Lundy, 455 U.S. 509, 510 (1982). Petitioner, however, seeks leave to return to state court to exhaust his unexhausted claim. Respondent does not oppose the stay request.

---

[1] Neil McDowell, the current acting warden of the prison where Petitioner is incarcerated, has been substituted as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

Prisoners in state custody who wish to challenge in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b),(c); Rose, 455 U.S. at 515-16. If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. Id. at 510; Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988). A dismissal solely for failure to exhaust is not a bar to returning to federal court after exhausting available state remedies. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

Habeas petitioners may seek a stay of the petition pursuant to Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005), pursuant to which a prisoner may file a protective petition in federal court, requesting that the court stay federal habeas proceedings until all state remedies are exhausted. District courts have the discretion to issue stays upon determining that good cause existed for the petitioner's failure to exhaust his claims in state court, and that such claims are potentially meritorious. Rhines v. Webber, 125 S. Ct. 1528, 1535 (2005); see also Pace, 544 U.S. at 416.

Here, Petitioner's unexhausted claim challenges his sentence of thirty-five years to life under California's Three Strikes law. Though Petitioner did not raise this claim on direct appeal or in his first state habeas petition, he is not precluded from raising the claim in a second, state habeas petition. Moreover, the claim states a cognizable basis for federal habeas relief. This instant petition is Petitioner's first federal challenge to his conviction and sentence, and there is no evidence that he seeks the stay for improper purposes. See Fetterly v. Paskett, 997 F.2d 1295, 1301-102 (9th Cir. 1993) (holding that a stay for the purpose of permitting exhaustion of unexhausted claims should be granted only if the claims petitioner seeks to pursue are cognizable under § 2254; there is a likelihood of prejudice to petitioner if the stay is not granted; and there is no evidence that the motion for a stay is brought to delay, vex, or harass, or that the request is an abuse of the writ). Although it is not entirely clear why Petitioner did not raise this claim earlier, the Court

notes that Respondent has not opposed Petitioner's stay request or claimed that he will be prejudiced in the event the Court imposes a stay and allows Petitioner to return to state court to exhaust his unexhausted claim. Accordingly, the Court GRANTS Petitioner's request for a stay and declines to reach Respondent's motion to dismiss.

### III. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. Respondent's motion to dismiss the petition for failure to exhaust state court remedies (Dkt. 16) is DENIED without prejudice to refiling if Petitioner fails diligently to pursue exhaustion in state court of his unexhausted claim.

2. Petitioner's request for a stay (Dkt. 26) is GRANTED. These proceedings are hereby STAYED pending Petitioner's exhaustion of his state judicial remedies. Petitioner must act diligently in exhausting his state judicial remedies, or the stay may be lifted. He must file quarterly reports describing the progress of his state court proceedings, commencing **twenty-eight (28) days** from the date of this Order and continuing every **ninety (90) days** thereafter until his state court proceedings are terminated. He must also attach to his status reports copies of the cover page of any document that he files with or receives from the California Supreme Court relating to the unexhausted claim.

3. The Clerk of the Court shall ADMINISTRATIVELY CLOSE the file. Nothing further will take place in this action until Petitioner receives a final decision from the California Supreme Court and, within **twenty-eight (28) days** of doing so, moves to reopen the action, lift the Court's stay and amend the stayed petition to add the newly-exhausted claim.

4. This Order terminates Docket Nos. 16 and 26.

IT IS SO ORDERED.

Dated: 1/30/15

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge